UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERTA RENEE DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00352-NT |
| | ) | |
| LAURA LEE REID AND | ) | |
| ALEXANDRA V. SEYFRIT, | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON DEFENDANTS' MOTION REQUESTING DISMISSAL AND OTHER RELIEF

Plaintiff Roberta Renee Dalton alleges that the defendants are withholding some of her inheritance. On November 11, 2013, the defendants filed a motion to dismiss the case as frivolous, for an award of $500 against the plaintiff, and for an injunction barring future litigation without leave of court. (Motion, ECF No. 11.) On December 3, 2013, the defendants filed a motion (ECF No. 13) to extend the plaintiff's deadline to respond because defendants' counsel belatedly mailed a copy of the pleading to the plaintiff. The motion to extend was granted (ECF No. 14) to afford the plaintiff until December 26, 2013, to respond to the motion to dismiss. The plaintiff failed to respond within that timeframe. The court referred the motion to dismiss for report and recommendation on December 27, 2013. I recommend that the Court grant the motion to dismiss based on lack of personal jurisdiction, grant the request for injunctive relief by restricting Dalton's ability to file claims against Defendants Reid and Seyfrit in this District, and deny the request for a $500 sanction.

### THE PLEADINGS

When the plaintiff is a pro se litigant, the Court will review his or her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404

U.S. 519, 520 (1972). Additionally, the pleadings of pro se plaintiffs are generally interpreted in light of supplemental submissions, such as any response to a motion to dismiss. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). However, in this instance, the pro se plaintiff has failed to respond.

In her complaint, Dalton alleges the existence of an estate worth in excess of $100,000. She maintains that her sister, Defendant Reid, is withholding a portion of the estate that the plaintiff is entitled to. Dalton appears to want an accounting of how the estates of her mother and uncle were disposed of by Defendant Reid and she alleges an estate with a value in excess of $100,000. As for other relief, Dalton requests copies of any and all testamentary instruments and to collect any money owed to her. She does not allege an entitlement to a sum in excess of $75,000, only that the estates (either individually or in combination) had value in excess of $75,000.

In response to the action and in support of the motion currently before the Court, Defendant Reid declares that Dalton suffers from mental illness and has been committed to mental hospitals more than once. Reid asserts that Dalton has a history of subjecting her to frivolous and vexatious lawsuits and that Dalton has pursued such suits against others. (Reid Declaration ¶¶ 25-35 & Attachments 6-11, ECF No. 12.) Reid's filings include a certified copy of a Bangor District Court order imposing a bar against Dalton filing any protection action against Reid without leave of court. (ECF No. 12-11, June 7, 2012 Order of Gunther, J.) This Court may also take notice of prior proceedings it has overseen, including Dalton v. University Credit Union, No. 2:11-cv-00318-DBH (terminated sua sponte and without service upon the defendant pursuant to 28 U.S.C. § 1915 and evidencing numerous nonproductive filings ("miscellaneous correspondence") bearing no relation to the named defendant) and Dalton v.

<u>Reid</u>, No. 2:11-cv-00305-GZS (terminated sua sponte and without service upon defendants pursuant to 28 U.S.C. § 1915 following Dalton's failure to respond productively to show cause order directing her to set forth a basis for federal jurisdiction, two filings by Dalton of a human tooth, and advice by the Court that Dalton "cease making these meaningless filings or risk the imposition of sanctions such as restrictions on her ability to file ANY pleadings" (ECF No. 31)).

DISCUSSION

Pursuant to Rules 12(b)(1) & (2) of the Federal Rules of Civil Procedure, the defendants have moved for the dismissal of the plaintiff's complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction over the defendants, for failure to state a claim, and for failure to commence the action within the applicable statute of limitations. With respect to jurisdictional challenges, it is the plaintiff's burden to demonstrate an adequate basis for the Court to assume jurisdiction over the claims at issue and the defendants the plaintiff seeks to bring before the Court. <u>See, e.g.</u>, <u>United States ex rel. Ondis v. City of Woonsocket</u>, 587 F.3d 49, 54 (1st Cir. 2009) (subject-matter jurisdiction); <u>Hannon v. Beard</u>, 524 F.3d 275, 279 (1st Cir. 2008) (personal jurisdiction).

Based on the complaint and the assertions in support of the motion to dismiss, there is diversity of citizenship between the parties. Additionally, the plaintiff alleges an amount in controversy in excess of $75,000. <u>See</u> 28 U.S.C. §§ 1331–1332; <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself[.]"). The defendants' assertion of a lack of subject matter jurisdiction is not supported based on a review of the complaint and the mutual representations concerning the parties' respective residencies.

As for personal jurisdiction, this matter concerns a Massachusetts will and estate. Neither of the two defendants lives in Maine and the allegations in the complaint do not indicate any proper basis for this Court to require the defendants to defend the action in this Maine forum. Additionally, based on the Affidavit of Laura Lee Reid (ECF No. 12), neither defendant has *any* meaningful forum contacts with the State of Maine, except in relation to defending actions commenced by the Maine-based plaintiff, mailing the plaintiff a $10,000 inheritance check in 2006, and giving the plaintiff a car in 2006 that was delivered by Reid's daughter. The plaintiff, in failing to respond, fails to demonstrate that this Court has the power to require the defendants "to obey its decrees" because there is no evidence of continuous and systematic forum contacts and the claim is not related to any litigation-specific forum contacts. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999); see also Astro–Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). Because the plaintiff fails to allege a basis to exercise jurisdiction over these non-resident defendants or over an inheritance-related or estate-related claim concerning a Massachusetts estate the Court should dismiss the action without prejudice.

As for the defendants additional requests for fees and for an order barring Dalton from pursuing further actions in this Court, I recommend that the Court deny the former request but grant the latter. The requested fee sanction of $500 would not likely be recovered from the plaintiff, in light of her in forma pauperis pleading, and would only serve as a basis for further unnecessary litigation and emotional upset. However, an order enjoining Dalton from filing any further actions against Reid or Seyfrit in this Court appears to be in order. Such an order requires notice and an opportunity to be heard, but this recommended decision is sufficient to provide Dalton with notice and she will have the opportunity to be heard should she choose to file an objection to the recommendation. Cok v. Family Court of Rhode Island, 985 F.2d 32, 35

(1st Cir. 1993).  For whatever reason, Dalton does not appear to understand the limited nature of federal court jurisdiction and how it restricts this Court's authority with respect to defendants living in another state who are not engaging in continuous and systematic activity in the State of Maine and who have not otherwise engaged in activity that would support the maintenance of a civil action against them in Maine.  Based on the history of flawed civil actions commenced by Dalton against the defendants in this Court and in the Maine state courts, the defendants deserve a measure of protection against having to answer future complaints filed by Dalton in the District of Maine, whether she pursues them in forma pauperis or not.  I therefore recommend that the Court enjoin Dalton from filing future litigation in this District against her two sisters, the named defendants in this action, without prior leave of this Court.  Such an order is "tailored to the specific harm to be prevented," Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 14 (1st Cir. 2000), and avoids an overly broad restriction on access to this particular Court.

## CONCLUSION

For the reasons set forth above, I recommend that the Court grant the defendants' motion to dismiss, grant their request for injunctive relief as set forth above, and deny their request for a $500 fee award.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

December 30, 2013                    /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge