UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERTA RENEE DALTON,       )<br>                                                          )<br>    Plaintiff,                              )<br>                                                          )<br>    v.                                         )<br>                                                          )<br>LAURA LEE REID, et al.,           )<br>                                                          )<br>    Defendants.                         ) | 1:13-cv-00352-NT |

## RECOMMENDED DECISION

This matter is before the Court on a filing of Plaintiff Roberta Renee Dalton, which filing the Court construed as a motion to reopen the case.  (ECF No. 20).[1]  As explained below, following a review of the pleadings, and after consideration of the parties' filings, the recommendation is that the Court deny Plaintiff's motion.

### Background

On September 16, 2013, Plaintiff, a resident of Maine, filed suit against Defendants, each of whom was a resident of a state other than Maine, alleging that Defendants had deprived her of her share of an inheritance.  On January 23, 2014, on Defendants' motion to dismiss, the Court entered judgment dismissing the case based on a lack of personal jurisdiction over Defendants.[2]  Plaintiff did not appeal from the Court's Judgment.

---

[1] The Court referred the motion for report and recommended decision.  Pursuant to 28 U.S.C. § 636(b)(3), a magistrate judge may issue a recommended decision on a Rule 60(b) motion as an "additional dut[y] … not inconsistent with the Constitution and laws of the United States."  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991).

[2] The Court also enjoined Plaintiff from filing any further actions against Defendants in this District without prior leave of Court.

**Discussion**

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

While the bases of Plaintiff's request are not entirely clear, insofar as she filed the motion on March 10, 2015, more than a year after the entry of judgment on January 13, 2014 (ECF No. 19), Plaintiff cannot rely on mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Plaintiff does not argue that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's contentions, which consist of essentially the same arguments that she made in opposition to Defendants' motion to dismiss, do not constitute any "other reason that justifies relief."[3] Plaintiff, therefore, has not asserted grounds upon which the Court could grant relief from judgment.[4]

---

[3] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

[4] Significantly, Plaintiff has alleged no facts to suggest that the Court erred in its jurisdictional determination.

**Conclusion**

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's motion to reopen her case.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of May, 2015.